NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EDWARD PAUL MOSS, *Plaintiff/Appellant*,

v.

RYAN THORNELL, *Defendant/Appellee*.

No. 1 CA-CV 25-0390

FILED 02-05-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-034561
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

APPEARANCES

Edward Paul Moss, Buckeye
*Plaintiff/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Veronika Fabian and Vice Chief Judge David D. Weinzweig joined.

---

**B R O W N,** Judge:

**¶1**    Edward Moss challenges the superior court's order dismissing his petition to set aside his criminal convictions under Arizona Rule of Civil Procedure ("Rule") 60.  Because the relief he seeks is not available in a civil proceeding, we affirm.

**¶2**    In November 2024, Moss petitioned the superior court under Rule 60(b)(4) to set aside two convictions for sexual assault, claiming his convictions were void for lack of subject matter jurisdiction based on alleged irregularities in his preliminary hearing and other constitutional violations.  The court dismissed Moss's petition without prejudice, concluding that "civil proceedings do not provide a mechanism for the relief he requests."  Moss timely appealed.

**¶3**    We have an independent duty to determine appellate jurisdiction over the matters presented to us.  *Baker v. Bradley*, 231 Ariz. 475, 478, ¶ 8 (App. 2013).  Normally, a dismissal without prejudice is not an appealable final order.  *See Olewin v. Nobel Mfg., LLC*, 254 Ariz. 346, 351, ¶ 16 (App. 2023).  But given that the superior court's dismissal effectively prevents Moss from filing any similar civil action on this issue and obtaining an appealable judgment, we have appellate jurisdiction under A.R.S. § 12-2101(A)(3) (providing jurisdiction for appeals from "any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken").

**¶4**    Turning to the merits of Moss's appeal, the superior court did not err by dismissing his petition.  The civil procedural rules "govern the procedure in *all civil actions and proceedings* in the superior court of Arizona."  Ariz. R. Civ. P. 1 (emphasis added); *compare with* Ariz. R. Crim. P. 1.1 ("[The Arizona Rules of Criminal Procedure] govern procedures in *all criminal proceedings* in Arizona state courts, unless specifically stated otherwise in a particular rule.") (emphasis added).  Because Rule 60 does

not apply to criminal proceedings, Moss cannot rely on it to challenge his convictions. *Cf. State v. Shipman*, 208 Ariz. 474, 475, ¶ 5 (App. 2004) (concluding that Rule 11—authorizing sanctions for a violation of the civil procedure rules—did not apply to a special action arising from criminal prosecution). We affirm the superior court's dismissal.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR